**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW C. TERREY, | No. 14-17218 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01375-MEA |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM [*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Mark E. Aspey, Magistrate Judge, Presiding

Submitted December 14, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Andrew Terrey appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of his application for supplemental

security income (SSI) pursuant to Title XVI of the Social Security Act, 42 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§§ 1381–1383. We assume the parties' familiarity with the facts and procedural history of this case, and discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.    The Administrative Law Judge (ALJ) did not err in rejecting Terrey's subjective symptom testimony. When there is no evidence of malingering, "[an] ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation omitted). The ALJ articulated three specific reasons for discounting Terrey's subjective symptom testimony on the basis of his prior part-time employment at a Blockbuster Video store: (1) Terrey's "allegedly disabling impairments were present at approximately the same level of severity [during his time at Blockbuster] as existed at the time of [his SSI] application date," (2) evidence in the record indicated that Terrey had been laid off from this job due to the recession as opposed to impairments-related workplace performance issues, and (3) Terrey inconsistently described the scope of his workplace performance issues when asked substantially similar questions by the ALJ and his own attorney. Because these reasons are supported by the record, the ALJ provided sufficient explanation for determining that Terrey's prior work

2

experience at Blockbuster "diminishes the persuasiveness of [his] allegations that he cannot engage in sustained work activity due to his impairments."

Having concluded that the ALJ permissibly discounted Terrey's subjective symptom testimony on the basis of his work experience at Blockbuster, we need not address Terrey's claims that the ALJ erroneously relied upon Terrey's medical evidence and daily activities as additional grounds for discounting his symptom testimony because any error would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[H]armless error principles apply in the Social Security Act context.").

2.      The ALJ's assessment of Terrey's residual functional capacity (RFC) incorporated all of the limitations identified by Dr. Raun Melmed. "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Dr. Melmed found Terrey to have (1) "moderately severe" limitation in his abilities to "[u]nderstand, carry out, and remember instructions," "[r]espond to customary work pressures," and "[p]erform complex tasks," and (2) "mild" limitation in his abilities to "relate to other people," "[p]erform simple tasks," and

3

"[p]erform varied tasks." Dr. Melmed also noted that "[s]upervision is required." Because Dr. Melmed's assessment was presented in a form listing limitations with possible ratings of "none," "mild," "moderate," "moderately severe," and "severe," which Dr. Melmed then circled, the ALJ permissibly translated these limitations into an RFC assessment of "simple and unskilled work" that "must be checked by a supervisor two to three times a day." *See id.* at 1174 (affirming an ALJ's translation of a claimant's identified limitations into the "only concrete restrictions" identified by the claimant's physicians); *see also Molina*, 674 F.3d at 1111 (holding that an ALJ may reject generic, standardized, check-box forms that do not provide explanations for the physician's conclusions).

3.    Dr. Sristi Nath's finding that Terrey can "maintain attention and concentration for brief periods", does not contradict the ALJ's assessment of Terrey's RFC. Terrey argues that this finding, which the ALJ specifically credited, contradicts the ALJ's assessment that Terrey can perform "simple and unskilled work" because the Social Security Administration Program Operations Manual System (POMS) lists the ability to "maintain attention for *extended* periods of 2-hour segments" as a requirement for unskilled work. POMS DI 25020.010(B)(3) (emphasis added). But Terrey's reliance on the POMS definition of unskilled work

4

is misplaced. The substance of the POMS attention requirement for unskilled work is the ability to maintain attention for "2-hour segments," not "extended periods," and the POMS further notes that "concentration is not critical" for such work. *See id.* The ALJ's assessment of Terry's RFC was therefore consistent with Dr. Nath's findings.

4.      Dr. Larry Waldman's finding that Terrey was "[m]oderately [l]imited" in his "ability to maintain attention and concentration for extended periods," does not contradict the ALJ's assessment of Terrey's RFC. The POMS explains that an ALJ must determine a claimant's RFC based upon the narrative written by the psychiatrist or psychologist in section III of the Mental Residual Functional Capacity Assessment form. POMS DI 25020.010(B)(1). Because Dr. Waldman did not include any attention or concentration limitations in his narrative of Terrey's RFC in section III of the Mental Residual Functional Capacity Assessment Form, the ALJ did not err by failing to include these limitations in Terrey's RFC.

5.      Because we conclude that the ALJ's assessment of Terrey's RFC was accurate, the ALJ did not err by failing to conduct a function-by-function analysis or by posing a hypothetical to the vocational expert that did not include the

attention and concentration limitations that the ALJ allegedly overlooked. *See*

*Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-

by-function analysis for medical conditions or impairments that the ALJ found

neither credible nor supported by the record is unnecessary."); *id*. (finding reliance

on a vocational expert to be "proper" where "[t]he hypothetical that the ALJ posed

to the [vocational expert] contained all of the limitations that the ALJ found

credible and supported by substantial evidence in the record").

**AFFIRMED.**